57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert A. DENTON, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS, Commissioner of Corrections; Charles Bass;
Howard Cook; Jim Dickman; Carl Smith; Karen Wev; Don Myatt;
Pamela Bentley; Arthur Heath; Cleo; Virginia Givens; State
of Tennessee; James B. Britt, Defendants-Appellees.
 No. 94-6628.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1995.
 
 Before: KRUPANSKY, MILBURN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This former Tennessee state prisoner, proceeding without benefit of counsel, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary damages and declaratory relief, Robert A. Denton filed a 20-page complaint alleging violations of his constitutional rights based on events which occurred during his confinement at the Nashville Community Service Center (NCSC) and the Middle Tennessee Reception Center (MTRC). Denton sued the State of Tennessee, the Commissioner of the Tennessee Department of Corrections (TDOC) (Jeff Reynolds), the Assistant Commissioner of the TDOC (Charles Bass), the Director of Classification of the TDOC (Howard G. Cook), NCSC Warden (Jim Dickman) and Associate Warden (Carl Smith), several NCSC employees (Arthur Heath, Pamela Bentley, Cleo, and Karen Wev), and three members of the NCSC Disciplinary Board (James Britt, Virginia Givens, and Don Myatt). Denton sued the named defendants in their individual capacities.
 
 
 3
 The case was submitted to a magistrate judge who recommended that process issue: 1) against defendants Bass, Dickman, Britt, Givens, and Myatt on Denton's claim that he was denied due process during a disciplinary hearing because he was not given notice of a hearing and was not allowed to call witnesses; 2) against Dickman, Britt, Givens, Myatt, Smith, and Heath on Denton's claim that the defendants retaliated against him for his activities as a grievance filer, jailhouse lawyer, and Muslim activist; 3) against defendant Wev on Denton's claim that he was denied access to the courts; and 4) against defendant Wev on Denton's claim that he was denied adequate medical care. The report and recommendation informed Denton that not filing objections could be deemed a waiver of the right to appeal the district court's order. Denton did not object to the report and recommendation, and on January 29, 1993, the district court adopted the report and recommendation in its entirety. Summons issued to the defendants on those claims the district court permitted to go forward, and defendants answered the complaint.
 
 
 4
 After the defendants deposed Denton, they moved for summary judgment. On August 26, 1994, upon consideration of defendants' motion for summary judgment, Denton's response, and defendants' reply, the magistrate judge recommended that summary judgment be granted in favor of the defendants. Once again, the report and recommendation informed Denton that not filing objections could be deemed a waiver of the right to appeal the district court's order. Denton did not object. He did, however, file a motion for leave to file an untimely appeal 52 days after the magistrate judge's report and recommendation and two days before the district court adopted the report and recommendation. Denton's motion to file an untimely appeal was stricken from the record by order of the district court. Denton appeals the district court's judgment dated October 19, 1994.
 
 
 5
 In this timely appeal, Denton generally reasserts the claims he set forth in his complaint. He also argues that he did not receive the magistrate judge's second report and recommendation and that the district court should have held an evidentiary hearing. Upon review, we conclude that Denton has waived his right to appeal. As previously mentioned, the magistrate judge entered his first report and recommendation in this case on December 28, 1992, and specifically advised Denton that failure to file objections would result in a waiver of his appeal. Despite the warning, Denton did not file any objections. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so waives his right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Upon consideration of the defendants' motion for summary judgment, the magistrate judge entered a second report and recommendation in which he once again specifically advised Denton that failure to file objections would result in a waiver of his appeal. Despite the warning, Denton did not file any objections. Denton makes no effort to excuse his failure to object to the first report and recommendation, other than stating on appeal that he did not receive the magistrate judge's second report and recommendation. While waiver may be excused under exceptional circumstances in the interests of justice, Thomas, 474 U.S. at 155 & n.15, no such circumstances exist in this case.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.